WEITZMAN LAW OFFICES, LLC
Kenneth S. Weitzman
425 Eagle Rock Avenue, Suite 102
Roseland, New Jersey 07068
Tel.: (973) 403-9940
Fax: (973)-403-9944

*Attorneys for Plaintiff Squatty Potty, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SQUATTY POTTY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>TIGER MEDICAL INC., a New Jersey Corporation, TIGER SUPPLIES INC., a New Jersey Corporation, DOES I-X, and ROES I-X<br><br>*Defendants*. | DOCUMENT FILED ELECTRONICALLY<br><br>Civil Action No. _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Squatty Potty, LLC, by and through its counsel, Weitzman Law Offices, LLC, hereby brings this Complaint against the Defendants, Tiger Medical Inc., Tiger Supplies Inc., DOES I-X, and ROES I-X, and alleges as follows:

### THE PARTIES

1.  Plaintiff, Squatty Potty, LLC, is an active Utah Limited Liability Company with its principal place of business at 1664 S. Dixie Dr., Ste. F-102, Saint George, Utah 84770.

2.  Defendant Tiger Medical Inc. (hereafter "Tiger Medical") is a New Jersey Corporation with its principal place of business at 27 Selvage Street, Irvington, New Jersey 07111.

3. Defendant Tiger Supplies Inc. (hereafter "Tiger Supplies") is also a New Jersey Corporation with its principal place of business at the same address as Tiger Medical (i.e., 27 Selvage Street, Irvington, New Jersey 07111).

4. DOES I-X are individuals, who are yet to be discovered whose rights and interests may be affected herein or who may be liable for the damages set forth herein. Plaintiff reserves the right to amend its Complaint to name DOES I-X as they are discovered.

5. ROES I-X are legal entities (corporations, limited liability companies, trusts, etc.), who are yet to be discovered and whose rights and interests may be affected herein or who may be liable for the damages set forth herein. Plaintiff reserves the right to amend its Complaint to name ROES I-X as they are discovered.

## JURISDICTION AND VENUE

6. Squatty Potty, LLC ("Plaintiff") files this action against Defendant Tiger Medical and Defendant Tiger Supplies (collectively "Defendants") for design patent infringement under the patent laws of the United States; for trademark infringement under the trademark laws of the United States; for trade dress infringement under federal law and under the laws of the state of New Jersey; and for related claims of unfair competition and trade practices under federal laws and the laws of the state of New Jersey. This Court has subject matter jurisdiction over the patent claim under 28 U.S.C. § 1338(a), over the trademark infringement claims under 15 U.S.C. § 1121, over the trade dress and unfair competition claims under 28 U.S.C. §§ 1331 and 1338(b), and over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367(a).

7. This Court has personal jurisdiction over the Defendants because Defendants have purposefully availed themselves of the privilege of doing business in the state of New Jersey.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

9. Plaintiff is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D677,478, entitled "Toilet Stool" and which was filed on August 23, 2012 and granted on March 12, 2013 (hereafter the "'478 Patent"). (See Exhibit A).

10. Plaintiff operates a growing business in Saint George, Utah and sells products worldwide.

11. Plaintiff has invested substantial time and resources into developing its product line of toilet stools and associated goods.

12. Plaintiff's ECCO toilet stool (the subject of the '478 Patent) has a distinctive design that features a U-shaped back portion, arched sidewalls, a wavy front, as well as other design features.  In combination, these features create a distinctive and unique appearance, which customers and retailers recognize as the trade dress of the ECCO toilet stool and associate it exclusively with Plaintiff.

13. Plaintiff is also the owner of a stylized trademark registered with the United States Patent and Trademark Office (Registration No. 4354138).  The mark consists of a stylized representation of a person sitting on the toilet with his feet resting on a toilet foot stool in front of him to put him into a 35-degree angle (hereafter the "Trademark"). (See Exhibit B)

14. Plaintiff's Trademark was registered on June 18, 2013.

## FIRST CAUSE OF ACTION
**(Direct Infringement of the '478 Patent by Tiger Medical and Tiger Supplies**)

15. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 14 above, as though fully set forth herein.

16. Plaintiff is the owner of the '478 Patent, which is valid and enforceable.

17. Defendants have infringed and continue to infringe the '478 Patent by making, designing, importing, selling, and/or offering for sale their toilet stool that applies the design of the '478 Patent or a colorable imitation thereof, in violation of 35 U.S.C. §271(a) and 35 U.S.C. §289.

18. Both Defendants have sold their infringing stool under the name "AdirMed Toilet squatting stool" on Amazon.com.

19. On or about September 28, 2015, Tiger Supplies filed a trademark application with the United States Patent and Trademark Office for the mark "AdirMed" (Serial No. 86771389). (See Exhibit C).

20. Both Defendants use the same logo, an outline of a tiger, over their business name.

21. Defendant Tiger Medical sells the infringing stool on its website, www.tigermedical.com, under the name "AdirMed Squat Stool."

22. An ordinary observer, given such attention as a purchaser usually gives, would be deceived by the substantial similarity between the design of the toilet stool made, designed, imported, sold, and/or offered for sale by Defendants and the patented design in the '478 Patent.

23. An ordinary observer would be induced to purchase the infringing toilet stool, either through Defendants' websites, online retailers, or in person (if such retail outlets exists), due to Defendants' stool being substantially the same as the designs embodied and protected under the '478 Patent.

24. On December 5, 2015, Plaintiff, through its counsel, sent a cease and desist letter to Tiger Medical through the Tiger Medical website (www.tigermedical.com) informing Tiger Medical of the '478 Patent.

25. On December 9, 2015, counsel for Tiger Medical acknowledged receipt of Plaintiff's cease and desist letter, but stated that Tiger Medical would not cease its sales of the infringing toilet stool.

26. Tiger Medical continued to sell the infringing stool after receiving the letter from Plaintiff's counsel.

27. Tiger Supplies has sold the infringing toilet stool on Amazon.com since counsel for Tiger Medical acknowledged receipt of the letter from Plaintiff's counsel.

28. Defendants have refused to cease their infringing activities.

29. Defendants' deliberate and willful actions in infringing the design of Plaintiff's '478 Patent, have caused, and will continue to cause, irreparable harm to Plaintiff unless permanently enjoined pursuant to 35 U.S.C. §283.

30. Defendants have also profited from, and continue to profit from, their infringing stool.

31. Plaintiff has suffered pecuniary damages in amounts to be determined at trial as a result of Defendants' willful infringement of the '478 Patent, pursuant to 35 U.S.C. §§284 and 289.

32. Defendants' wrongful, malicious, fraudulent, deliberate, willful, and/or intentional conduct makes this an exceptional case entitling Plaintiff to an award of attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (Trademark Infringement - 15 U.S.C. §1114)

33. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above, as though fully set forth herein.

34. Defendants sell their toilet stool with a sticker affixed to the underside of the stool.

35. On the sticker is a representation of a person sitting on a toilet with his feet resting on a toilet foot stool in front of him to put him into a 35-degree angle.

36. The representation on Defendants' sticker is nearly identical to Plaintiff's Trademark.

37. Defendants' do not have Plaintiff's consent to use the Trademark.

38. Defendants' use of a representation of a person sitting on the toilet with his feet resting on a toilet foot stool in front of him to put him into a 35-degree angle is a violation of 15 U.S.C. §1114(1)(a) in that the Defendants have, without the consent of Plaintiff, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Trademark in connection with the sale, offering for sale, distribution, or advertising of goods and services provided by Defendants.  Defendants have used the imitation in such a manner as is likely to cause confusion, mistake, or deceive.

39. Defendants' use of a representation of a person sitting on the toilet with his feet resting on a toilet foot stool in front of him to put him into a 35-degree angle is a violation of 15 U.S.C. §1114(1)(b) in that the Defendants have, without the consent of Plaintiff, used in commerce a reproduction, counterfeit, copy, or colorable imitation of the Trademark and applied such reproduction, counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services provided by Defendants.  Defendants have used the imitation in such a manner as is likely to cause confusion, mistake, or deceive.

40. Defendants' use of an imitation of the Trademark is committed with knowledge that the imitation was intended to be used to cause confusion, mistake, or to deceive.

41. Plaintiff is entitled to injunctive relief under 15 U.S.C §1116 and recovery of damages from Defendants jointly and severally pursuant to 15 U.S.C §1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants' profits, and the costs of the action, together with Plaintiff's attorney's fees, or in the alternative, damages in such sum as the Court may find to be just according to the circumstances of the case.

### THIRD CAUSE OF ACTION
### (Trademark Infringement - 15 U.S.C. §1125(a))

42. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 41 above, as though fully set forth herein.

43. Defendants have intentionally violated 15 U.S.C. §1125(a) in that they have, on or in connection with Defendants' goods or services, used an imitation of the Trademark which represents a false designation of origin, false or misleading description, and/or a misrepresentation of fact likely to cause confusion, mistake, or deceive as to the affiliation, connection, or association of Defendants with Plaintiff or which is likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services, or commercial activities of Defendants.

44. Defendants have similarly violated 15 U.S.C. §1125(a) intentionally in that their commercial advertising or promotion using an imitation of the Trademark misrepresents the nature, characteristics, qualities, and/or geographic origin of their goods, services, or commercial activities.

45. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendants jointly and severally pursuant to 15 U.S.C. §1117. Damages include,

the actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney's fees. In the alternative, Plaintiff is entitled to recover damages in such sums as the Court may find just according to the circumstances of the case.

## FOURTH CAUSE OF ACTION
### (Trademark Infringement - 15 U.S.C. §1125(c))

46. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 45 above, as though fully set forth herein.

47. Defendants' use of an imitation of the Trademark has caused and continues to cause dilution of the distinctive quality of the Trademark. Defendants' use of an imitation of the Trademark is a violation of 15 U.S.C. §1125(c), Plaintiff's mark being distinctive and famous within the meaning of the statute, and Defendants' use of and imitation of the Trademark in commerce having begun after the Trademark became distinctive and famous.

48. Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of the Trademark by their use of an imitation of the Trademark.

49. Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 U.S.C. §1117(a). Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney's fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the Court may find just according to the circumstances of the case.

## FIFTH CAUSE OF ACTION
### (Trade Dress Infringement – 15 U.S.C. 1125(a))

50. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above, as though fully set forth herein.

51. Plaintiff is entitled to legal protection of its ECCO toilet stool's trade dress under 15 U.S.C. §1125(a), which trade dress includes without limitation a distinctive design that features a U-shaped back portion, arched sidewalls, textured outlines of shoes/feet on the surface, and is white in color.

52. Plaintiff's ECCO toilet stool's trade dress has acquired secondary meaning as consumers have come to recognize the toilet stool as identifying Plaintiff as the source of the high quality toilet stool.

53. Defendants' toilet stool has so closely imitated and/or copied Plaintiff's ECCO toilet stool that the consuming public has been confused and will continue to be confused as to the source or origin of Defendants' toilet stool and will erroneously believe that the Defendants' stool came from Plaintiff.

54. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, Plaintiff's ECCO toilet stool and Defendants' toilet stool are substantially the same and the resemblance is such so as to deceive an ordinary observer, including an ordinary observer to purchase Defendants' toilet stool supposing it to be Plaintiff's toilet stool.

55. Defendants' copying of Plaintiff's toilet stool's trade dress is intentional.

56. Defendants intended to create a toilet stool confusingly similar in appearance to Plaintiff's toilet stool, even including a sticker on Defendants' stool that contains a trademark infringement of an image for which Plaintiff has a registered trademark.

57. Further, Defendants mimic Plaintiff's advertising material, including photographs, angles of photography, etc.

58.     Defendants' toilet stool and Plaintiff's toilet stools are strikingly similar, substantially duplicated, virtually identical, substantially identical, remarkably similar, essentially duplicated, and/or closely imitated.

59.     Defendants' acts of trade dress infringement have caused and continue to cause damages and injury to Plaintiff.

60.     Plaintiff may recover for its damages an award to compensate Plaintiff for injuries and damages it has sustained as a result of Defendants' conduct that violates 15 U.S.C. §1125(a).

61.     Because Defendants' acts are intentional, willful, and/or deliberate, Plaintiff is entitled to an award of treble damages.

62.     Plaintiff is entitled to an award of pre-judgment interest for the damages sustained as a result of Defendants' wrongful conduct.

63.     Defendants' wrongful, malicious, fraudulent, deliberate, willful, and/or intentional conduct makes this an exceptional case entitling Plaintiff to an award of attorney's fees and costs.

64.     Plaintiff has no adequate remedy at law.  Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' acts, and is therefore entitled to permanent injunctive relief to enjoin Defendants' wrongful conduct.

**SIXTH CAUSE OF ACTION**
**(Federal Unfair Competition, False Designation of Origin,**
**Passing Off, and False Advertising – 15 U.S.C. 1125(a))**

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 64 above, as though fully set forth herein.

66.     The unauthorized use by Defendants of Plaintiff's ECCO toilet stool trade dress through the sale of its unauthorized toilet stool, is likely to cause the public to mistakenly believe

that Defendants' products originate from, are endorsed by, or are in some way affiliated with Plaintiff and thus constitute unfair competition, false designation of origin, and passing off.

67. In addition, Plaintiff's ECCO toilet stool trade dress is likely to lose its significance as an indicator of origin if Defendants are allowed to continue their infringement.

68. Defendants have used Plaintiff's ECCO toilet stool's trade dress in connection with false and misleading descriptions or representations of fact in promoting Defendants' toilet stool, thereby misrepresenting the nature, characteristics, source, and qualities of their goods, services or commercial activities.

69. Defendants' actions are thus in violation of 15 U.S.C. §1125(a).

70. As set forth above, on information and belief, Defendants' misconduct is part of a deliberate plan to trade off the valuable goodwill established by Plaintiff and has been carried out in willful disregard of Plaintiff's rights and thereby constitutes a violation of 15 U.S.C. §1125(a).

71. Because Defendants' acts are intentional, willful, and/or deliberate, Plaintiff is entitled to an award of treble damages.

72. Plaintiff is entitled to an award of pre-judgment interest for the damages sustained as a result of Defendants' wrongful conduct.

73. Defendants' wrongful, malicious, fraudulent, deliberate, willful, and/or intentional conduct makes this an exceptional case entitling Plaintiff to an award of attorney's fees and costs.

74. Plaintiff has no adequate remedy at law. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' acts, and is therefore entitled to permanent injunctive relief to enjoin Defendants' wrongful conduct.

**SEVENTH CAUSE OF ACTION**
**(Unfair Trade Practices, Misappropriation, and**
**Trade Dress Infringement –NJ Rev Stat § 56:8-2)**

75. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 74 above, as though fully set forth herein.

76. By its aforesaid conduct, calculated to increase business and profits by deceiving and confusing members of the public, Defendant continues to misappropriate the valuable goodwill of Plaintiff's toilet stool's trade dress, to infringe Plaintiff's rights therein and unfairly compete with Plaintiff in violation of the laws of New Jersey.

77. Defendants' use of Plaintiff's toilet stool's trade dress to promote, mark, or sell products constitutes unfair, unlawful, and deceptive business and trade practices in violation of New Jersey Revised Statutes § 56:8-2.

78. Defendant's use of Plaintiff's toilet stool's trade dress is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused, and is causing, injury to Plaintiff's retailers and consumers.

79. These wrongful acts have proximately caused and continue to cause Plaintiff substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to reputation, and diminution in the value of its products and technology. These actions will cause irreparable harm and injury to Plaintiff, the amount of which will be difficult to ascertain, if they continue.

80. Plaintiff is without an adequate remedy at law.

81. Plaintiff is entitled to an injunction restraining Defendants, and all persons or entities acting in concert with them, from engaging in further such unlawful and deceptive conduct.

82. Plaintiff is entitled to recover from Defendants the damages sustained by it as a result of the Defendants' wrongful acts as alleged herein. The amount of such damages cannot be determined at this time.

83. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages they have obtained as a result of their wrongful acts as alleged herein.

84. The conduct of Defendants was and is fraudulent, oppressive, malicious, and in conscious disregard of the rights of Plaintiff. Plaintiff is therefore entitled to recover treble damages from Defendants pursuant to New Jersey Revised Statutes § 56:8-19.

## EIGHTH CAUSE OF ACTION
### (Civil Conspiracy)

85. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 84 above, as though fully set forth herein.

86. Defendants entered into a civil conspiracy to unlawfully and unfairly compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from the '478 Patent and the Trademark.

87. Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and the Trademark, damaging Plaintiff by way of lost profits and damage to the goodwill and reputation to the Plaintiff.

88. Defendants have also damaged Plaintiff in that the latter has lost profits and suffered damage to its goodwill and reputation through Defendants' infringement of the '478 Patent.

89. Defendants have also damaged Plaintiff through Defendants' infringement and dilution of the Trademark.

90. These wrongful acts have proximately caused and continue to cause Plaintiff substantial injury, including loss of customers, dilution of its goodwill, confusion of potential customers, injury to its reputation, and diminution in the value of its products and technology.

91. Plaintiff is without an adequate remedy at law.

92. Plaintiff is entitled to an injunction restraining Defendants, and all persons or entities acting in concert with them, from engaging in further such unlawful and deceptive conduct.

93. Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount that will be proven at trial. Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants on all claims;

B. Enter judgment against Defendants for infringement of Plaintiff's '478 Patent, and permanently enjoin and restrain Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, importing, selling or offering for sale, or otherwise distributing any product that infringes the '478 Patent;

C. Order Defendants to account for and pay over to Plaintiff all damages suffered by Plaintiff and/or Defendants' profits derived from and/or related to Defendants' infringement of the '478 Patent;

D. Enter judgment against Defendants for infringement of Plaintiff's toilet stool's trade dress, and grant Plaintiff preliminary and permanent injunctive relief, together with damages, pursuant to 15 U.S.C. §1117(a), consisting of Defendants' profits, any damages

sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney's fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just;

  E. Enter judgment that Defendants have infringed Plaintiff's Trademark in violation of 15 U.S.C. §1114, and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117(a), consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney's fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just;

  F. Enter judgment that Defendants have violated 15 U.S.C. §1125(a), and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117(a), consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney's fees; that the Court in the alternative award damages in such amount as the Court in its discretion shall find to be just;

  G. Enter judgment that Defendants have violated 15 U.S.C. §1125(c), and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117(a), consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the Court award Plaintiff its attorney's fees; that the Court in the alternative award damages in such amount as the court in its discretion shall find to be just;

  H. Enter judgment that Defendants have violated New Jersey Revised Statutes § 56:8-2, award Plaintiff treble damages sustained by Plaintiff pursuant to New Jersey Revised

Statutes § 56:8-19, and award reasonable attorney's fees and costs to Plaintiff pursuant to New Jersey Revised Statutes § 56:8-19;

    I.    Order Defendants to account for and pay to Plaintiff all damages suffered by Plaintiff as a result of Defendants' unlawful acts;

    J.    Award Plaintiff enhanced, treble and/or punitive damages;

    K.    Award Plaintiff interest, including prejudgment interest, on all damages;

    L.    Find this to be an exceptional case, and award Plaintiff reasonable attorney's fees and costs of this action; and

    M.    Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**WEITZMAN LAW OFFICES, LLC**

Dated:  February 5, 2016    By:  /s  Kenneth S. Weitzman
    Kenneth S. Weitzman
    425 Eagle Rock Avenue, Suite 102
    Roseland, New Jersey 07068
    Tel. (973) 403-9940
    Email: kweitzman@weitzmanip.com

**GURR & BRANDE, PLLC**
Robert A. Gurr (application for *pro hac* admission to be filed)
1031 S. Bluff St., Ste. 105
St. George, UT 84770

*Attorneys for Plaintiff Squatty Potty, LLC*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**WEITZMAN LAW OFFICES, LLC**

Dated:  February 5, 2016          By:  /s  Kenneth S. Weitzman
                                        Kenneth S. Weitzman
                                        425 Eagle Rock Avenue, Suite 102
                                        Roseland, New Jersey 07068
                                        Tel. (973) 403-9940
                                        Email: kweitzman@weitzmanip.com

*Attorneys for Plaintiff Squatty Potty, LLC*

## RULE 201.1 CERTIFICATION

Pursuant to L. Civ. R. 201.1, the undersigned counsel for Plaintiff hereby certifies that, in addition to monetary damages, Plaintiff seeks injunctive and other equitable relief, and therefore this action is not appropriate for compulsory arbitration.

                                            **WEITZMAN LAW OFFICES, LLC**

Dated:  February 5, 2016          By:  /s  Kenneth S. Weitzman
                                                   Kenneth S. Weitzman
                                                   425 Eagle Rock Avenue, Suite 102
                                                   Roseland, New Jersey 07068
                                                   Tel. (973) 403-9940
                                                   Email: kweitzman@weitzmanip.com

                                                   *Attorneys for Plaintiff Squatty Potty, LLC*